United States District Court
Southern District of Texas
**ENTERED**
September 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| YENG ZHENG, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-001298 |
| | § | |
| ORLANDO PEREZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Petitioner Yeng Zheng's petition for writ of habeas corpus. (D.E. 1). In response, the Government moves for summary judgment. (D.E. 8). Because Petitioner fails to demonstrate circumstances of her status or barriers to her return to China that would demonstrate no significant likelihood of removal in the reasonably foreseeable future, the Court **GRANTS** the Government's motion for summary judgment, (D.E. 8), and **DENIES** Petitioner's petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

## I. Background

Petitioner, a citizen of China, entered the United States and subsequently applied for admission in 1996. (D.E. 8-1, p. 2). Petitioner was ordered removed from the United States on May 23, 1997. *Id.* Petitioner was subsequently released on an order of supervision. *Id.* Her removal order is final. (D.E. 1, p. 3).

Petitioner was re-detained on June 11, 2025. (D.E. 8-1, p. 2). Petitioner has remained in Immigration and Custom Enforcement's (ICE) custody since that date—approximately 15 months. *See id.* ICE provided Petitioner with a Notice of Revocation of Release, which Petitioner signed.

*Id.* As of July 22, 2026, Petitioner's travel document issuance remained pending. *Id.* at 3. Petitioner remains in immigration custody while ICE seeks to effectuate her removal. *See id.*; (D.E. 1); (D.E. 8).

Petitioner asserts she is entitled to release because her prolonged detention violates her due process rights and her removal to China is not reasonably foreseeable. (D.E. 1, p. 7–14). In response, the Government moves for summary judgment. (D.E. 8). It contends that Petitioner's detention is lawful because (1) 8 U.S.C. § 1231(a)(6) permits Petitioner's ongoing detention, and (2) there is a likelihood of Petitioner's removal in the reasonably foreseeable future. *Id.* at 3–7.

## II. Law & Analysis

### A. Habeas Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Under 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including those in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). "A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *2 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (citations omitted) (citation modified). "If a district court entertains a *habeas* petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citations omitted); *see also* 28 U.S.C. § 2243.

### B. Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted). Rule 56 states: "The court shall

grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**C. Section 1231**

Section 1231 "authorizes the detention of aliens who have already been ordered removed from the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). Pursuant to this section, "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, . . . and the alien must be detained during that period." *Id.*; *see also* 8 U.S.C. § 1231.

If the Government fails to remove the alien during that period, the Government may exercise its discretion and detain certain aliens beyond their removal period. *Id.* at § 1231(a)(6); *Zadvydas*, 533 U.S. at 682. The Government's discretion is not "unlimited." *Zadvydas*, 533 U.S. at 697. Recognizing the constitutional concerns surrounding indefinite post-removal-order detention, the Supreme Court in *Zadvydas* outlined the permissible duration of an alien's detention while their removal is pending. *Id.* at 682. The Court recognized that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699. The alien is "eligible for conditional release" via an Order of Supervision. *Clark v. Martinez*, 543 U.S. 371, 378 (2005). The Court further recognized the "presumptively reasonable period of [post-removal order] detention" is six months. *Zadvydas*, 533 U.S. at 700–01.

A detained alien who brings a *Zadvydas* claim before the six-month period has expired must demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable

future." *Id.* at 697. Following this six-month period, the alien must demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If the alien satisfies their burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Thus, release is not required for every non-removed alien after six months, however, the parties' relative burdens change as the duration of an alien's post-removal-detention period continues. *See id.*

Petitioner has remained in ICE custody for 462 days—far longer than *Zadvydas*' presumptively reasonable six-month duration. *Id.* at 701. To carry her initial burden, Petitioner "must present something beyond speculation and conjecture." *Idowu v. Ridge*, No. 3:03-CV-1293, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (Ramirez, Mag. J.). Specifically, Petitioner "must demonstrate that 'the circumstances of [her] status' or the existence of 'particular individual barriers to [her] repatriation' to [China] are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* (quotation omitted). The mere "lack of visible progress" in the removal process is insufficient. *Id.* (quotation omitted). To shift the burden to Respondents, Petitioner must make a non-conclusory showing that "ICE is incapable of executing [her] removal" in the "near future." *Nagib v. Gonzales*, No. 3:06-CV-294, 2006 WL 1499682, at *3 (N.D. Tex. May 31, 2006) (Sanderson, J.).

Petitioner fails to meet her burden. She has not alleged sufficient evidence to establish "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner has failed to provide evidence as to the circumstances of her status or the existence of particular individual barriers to her repatriation to China. Petitioner has also failed to

produce any facts indicating that ICE is incapable of effectuating her removal to China in the near future and that her detention will be of an indefinite duration. *See id.* Because Petitioner fails to meet her burden, the Court need not address whether the Government has sufficiently rebutted Petitioner's evidence. Accordingly, the Court finds that, at this time, Petitioner is not entitled to habeas relief on her *Zadvydas* claim.

## III. Conclusion

Petitioner fails to demonstrate circumstances of her status or barriers to her return to China that would demonstrate no significant likelihood of removal in the reasonably foreseeable future. Accordingly, the Court **DENIES** Petitioner's writ of habeas corpus, (D.E. 1), and **GRANTS** the Government's motion for summary judgment. (D.E. 8).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 16th, 2026